UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

NIDA AHMAD,

*Plaintiff,*

v.

CHIME FINANCIAL, INC. and THE BANCORP BANK, N.A.,

*Defendants.*

Civil Action No.:

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Nida Ahmad ("Ms. Ahmad" or "Plaintiff"), by her undersigned counsel, alleges as follows against Defendants Chime Financial, Inc. ("Chime") and The Bancorp Bank, N.A. ("Bancorp," and together with Chime, "Defendants"):

**INTRODUCTION**

1. Ms. Ahmad holds a checking account with Chime. On June 23 and 24, 2026, someone other than Ms. Ahmad used that account to make three electronic transfers totaling $4,990.00 to an account at GreenFi, a company Ms. Ahmad has never used. The transfers took nearly all of the money in her account.

2. Ms. Ahmad reported the transfers to Chime the day she learned of them. Chime denied her claim the next day. When she disputed the transfers again on July 2, 2026, Chime denied her claim again the next day.

3. Defendants have not reimbursed Ms. Ahmad for any part of the transfers.

4. Ms. Ahmad brings this action under the Electronic Fund Transfer Act, 15 U.S.C. § 1693 *et seq.* ("EFTA"), and its implementing regulation, Regulation E, 12 C.F.R. Part 1005, and for breach of contract.

## JURISDICTION AND VENUE

5. The Court has jurisdiction under 15 U.S.C. § 1693m(g) and 28 U.S.C. § 1331, and supplemental jurisdiction over the contract claim under 28 U.S.C. § 1367.

6. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to the claims occurred here.

## PARTIES

7. Plaintiff Nida Ahmad is a natural person residing in Taos, Taos County, New Mexico, and is a "consumer" as defined by 15 U.S.C. § 1693a(6).

8. Ms. Ahmad holds a checking account with Chime ending in 1584 (the "Account"), which she uses for personal, family and household purposes.

9. Chime is a financial technology company with its principal place of business in San Francisco, California. Chime offers deposit accounts, debit cards and electronic fund transfer services to consumers throughout the United States through partner banks, including Bancorp.

10. Bancorp is a national banking association. Bancorp issued the Account, and Chime manages it.

11. Chime and Bancorp each directly or indirectly hold consumer accounts, including the Account, and each is a "financial institution" as defined by 15 U.S.C. § 1693a(9).

## FACTUAL ALLEGATIONS

### The Transfers

12. On June 18, 2026, Ms. Ahmad called Chime and reported that she was receiving one-time passcodes she had not requested and that someone was trying to log in to her account. Chime told her that this would not be a problem because she was the only person with access to her phone and laptop.

13. On June 23 and 24, 2026, three electronic transfers totaling $4,990.00 were made from the Account to an account at GreenFi (the "Transfers"). At the close of the statement period on July 1, 2026, the Account held $2.59.

14. Ms. Ahmad did not make or authorize the Transfers, did not share her login credentials with anyone, and received no benefit from the Transfers.

**The GreenFi Account**

15. An account at GreenFi was opened in Ms. Ahmad's name without her knowledge or authorization, and the Transfers were sent to that account. Ms. Ahmad has never applied for or used a GreenFi account. After the Transfers, GreenFi mailed Ms. Ahmad a debit card that she had not requested and did not activate.

16. Ms. Ahmad contacted GreenFi, reported the Transfers, and asked GreenFi to look into the account.

**Ms. Ahmad's Disputes**

17. Ms. Ahmad learned of the Transfers on or about June 27, 2026, and called Chime that day to report them as unauthorized. Chime opened claim number 21829391.

18. On or about June 28, 2026, Chime denied Ms. Ahmad's claim.

19. On July 2, 2026, Ms. Ahmad disputed the Transfers again and submitted supporting documentation. Chime opened claim number 21829391-R1.

20. On or about July 3, 2026, Chime denied Ms. Ahmad's claim again. Defendants never provisionally credited the Account and have not reimbursed Ms. Ahmad for any part of the Transfers.

21. Ms. Ahmad also reported the Transfers to the Federal Bureau of Investigation's Internet Crime Complaint Center ("IC3") on July 2, 2026, to the Consumer Financial Protection Bureau on July 6, 2026, and to the police in Taos County, New Mexico (Case No. 26070062).

22. Defendants did not give Ms. Ahmad an explanation of their findings. When Ms. Ahmad asked for the documents Defendants relied on, Chime sent her a copy of her own answers to its dispute questionnaire, her account statement and her IC3 complaint.

**Damages**

23. Ms. Ahmad has been deprived of $4,990.00 and of the use of those funds since June 2026.

24. Ms. Ahmad has also suffered significant emotional distress as a result of the loss of nearly all of the money in her account and Defendants' refusal to return it.

25. The Transfers took the last of her savings, which she had been living on since she was laid off from her job. Because of the loss, Ms. Ahmad had to postpone a planned trip to Pakistan to visit her family, and her grandmother died before Ms. Ahmad was able to make the trip and see her, which was extremely upsetting to Ms. Ahmad.

26. Ms. Ahmad has suffered anxiety, worry, frustration, anger, irritability, disbelief, helplessness, pessimism, depression, crying spells, panic attacks, sleepless nights and suicidal thoughts.

27. The loss has also strained her marriage, as she and her husband have argued about money and financial problems, and has caused her embarrassment with her family.

## STATUTORY FRAMEWORK

28. Congress enacted the EFTA to provide "a basic framework establishing the rights, liabilities, and responsibilities of participants in electronic fund and remittance transfer systems," with the "primary objective" of "the provision of individual consumer rights." 15 U.S.C. § 1693(b). The EFTA is implemented by Regulation E, 12 C.F.R. Part 1005.

29. An "unauthorized electronic fund transfer" is a transfer from a consumer's account initiated by a person other than the consumer without actual authority to initiate the transfer and from which the consumer receives no benefit. 15 U.S.C. § 1693a(12).

30. Under 15 U.S.C. § 1693g, a consumer's liability for unauthorized transfers is capped at $50 where, as here, the consumer notifies the financial institution within two business days of learning of the loss or theft of the access device, and in any event at $500 where notice is given within sixty days of transmittal of the periodic statement. The burden of proof is on the financial institution to show that the transfer was authorized. 15 U.S.C. § 1693g(b).

31. Pursuant to the Official Interpretations to Regulation E, 12 C.F.R. pt. 1005, Supp. I, cmt. 6(b)-2, "[n]egligence by the consumer cannot be used as the basis for imposing greater liability than is permissible under Regulation E."

32. Under 15 U.S.C. § 1693f, once a consumer provides notice of an error, including an unauthorized transfer, the financial institution must investigate the alleged error, determine whether an error occurred, and report the results to the consumer. If the institution determines that no error occurred, it must deliver an explanation of its findings. 15 U.S.C. § 1693f(d).

33. Under 15 U.S.C. § 1693f(e), treble damages are available where the financial institution knowingly and willfully concluded that no error occurred when that conclusion could not reasonably have been drawn from the evidence available to it.

34. Under 15 U.S.C. § 1693m, a financial institution that fails to comply with the EFTA is liable for the consumer's actual damages, statutory damages of not less than $100 and not more than $1,000, and the costs of the action together with reasonable attorneys' fees.

## CAUSES OF ACTION

### COUNT I
**Liability for Unauthorized Electronic Fund Transfers, 15 U.S.C. § 1693g**
(Against All Defendants)

35. Ms. Ahmad repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

36. The Transfers were unauthorized electronic fund transfers under 15 U.S.C. § 1693a(12). They were initiated by a person other than Ms. Ahmad without actual authority, and she received no benefit from them.

37. Ms. Ahmad notified Chime of the Transfers within two business days of learning of them, and in any event within sixty days of transmittal of the statement on which they appeared. Her liability for the Transfers could not exceed $50.

38. Defendants bear the burden of proving that the Transfers were authorized, 15 U.S.C. § 1693g(b), and cannot meet it. Ms. Ahmad did not make or authorize the Transfers, and five days before the Transfers she had reported to Chime that someone was trying to access her account. Any negligence Defendants may attribute to Ms. Ahmad cannot increase her liability. 12 C.F.R. pt. 1005, Supp. I, cmt. 6(b)-2.

39. By holding Ms. Ahmad liable for the full amount of the Transfers, Defendants violated 15 U.S.C. § 1693g.

40. Defendants are therefore liable to Ms. Ahmad for actual damages, statutory damages, treble damages, and attorneys' fees and costs. 15 U.S.C. §§ 1693m, 1693f(e).

### COUNT II
**Failure to Conduct a Reasonable Investigation, 15 U.S.C. § 1693f**
(Against All Defendants)

41. Ms. Ahmad repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

42. Ms. Ahmad's reports to Chime on June 27 and July 2, 2026 were notices of error under 15 U.S.C. § 1693f(a).

43. Defendants failed to conduct a good faith, reasonable investigation of Ms. Ahmad's notices of error. Among other things, Chime denied her first claim the day after she reported the Transfers; denied her second claim the day after she submitted it; did not ask her to complete a fraud report or to provide anything beyond a few answers by telephone; and denied both claims although she had reported to Chime days before the Transfers that someone was trying to access her account.

44. Defendants' conclusion that no error occurred could not reasonably have been drawn from the evidence available to them and, on information and belief, was reached knowingly and willfully, entitling Ms. Ahmad to treble damages under 15 U.S.C. § 1693f(e)(2).

45. Defendants are therefore liable to Ms. Ahmad for actual damages, statutory damages, treble damages, and attorneys' fees and costs. 15 U.S.C. §§ 1693m, 1693f(e).

**COUNT III**
**Failure to Explain Findings, 15 U.S.C. § 1693f(d)**
(Against All Defendants)

46. Ms. Ahmad repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

47. Defendants determined that no error occurred on each of Ms. Ahmad's claims.

48. Defendants did not deliver to Ms. Ahmad an explanation of their findings, in violation of 15 U.S.C. § 1693f(d).

49. Defendants are therefore liable to Ms. Ahmad for actual damages, statutory damages, treble damages, and attorneys' fees and costs. 15 U.S.C. §§ 1693m, 1693f(e).

**COUNT IV**
**Breach of Contract**
(Against All Defendants)

50. Ms. Ahmad repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

51. The deposit account agreement governing the Account promises that, where Ms. Ahmad reports unauthorized transactions within two business days after learning of them, her liability for those transactions will be no more than $50.

52. Ms. Ahmad reported the Transfers within two business days after learning of them. Defendants nonetheless held her liable for the Transfers and have not reimbursed her. Defendants breached that obligation.

53. Ms. Ahmad has been damaged in an amount to be determined at trial, together with interest and costs.

**PRAYER FOR RELIEF**

WHEREFORE, Ms. Ahmad respectfully requests that the Court enter judgment in her favor and against Defendants, awarding:

A. actual damages;

B. statutory damages;

C. treble damages;

D. costs and reasonable attorneys' fees;

E. pre-judgment and post-judgment interest; and

F. such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Ms. Ahmad demands a trial by jury on all issues so triable.

Dated: October 19, 2026

*/s/ Elisa Cibils*
Elisa Cibils
Feferman, Warren & Mattison
300 Central Ave., SW, Suite 2000 West
Albuquerque, NM 87102
T: (505) 243-7773
F: (505) 243-6663
E: ecibils@nmconsumerwarriors.com

Daniel A. Schlanger (*pro hac vice* forthcoming)
Schlanger Law Group, LLP
150 Allens Creek Road, Suite 240
Rochester, NY 14618
T: (212) 500-6114
F: (646) 612-7996
E: dschlanger@consumerprotection.net

Counsel for Plaintiff